[Crim. No. 10249.   Second Dist., Div. Four.   Feb. 23, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. JOHN CALHOUN LOVE, Defendant and Appellant.

Robert W. Armstrong, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Rose-Marie Gruenwald, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—Defendant appeals from the judgment entered after being found guilty by the court of the violation of Health and Safety Code section 11530.5, possession of marijuana for sale. For reasons hereafter discussed, we conclude that the judgment must be reversed for violation of the rule stated in *Escobedo* v. *Illinois*, 378 U.S. 478 [84 S.Ct. 1758, 12 L.Ed.2d 977], and *People* v. *Dorado*, 62 Cal.2d 338 [42 Cal. Rptr. 169, 398 P.2d 361].

On November 8, 1963, Officer James Grennan of the Los Angeles Police Department Narcotics Division, was informed by one Ivory Collins, a reliable informant, that the trunk of a 1955 red and white Buick, bearing license number FJG 898, contained 20 kilos of marijuana; a man named John drove this car; he lived in a housing project in the vicinity of 120th Street and worked there as a maintenance worker; the car was presently parked in the vicinity of 120th Street and Colton; the vehicle would be moved at 12 noon.

The officer, accompanied by Officer Castruita, located the car described by the informant parked across the street from

1800 East 121st Street. At about 12 noon defendant and two other persons entered the car. Defendant got into the driver's seat. The officers approached the car and, after identifying themselves, asked defendant if his name was John Love, to which defendant replied, "Yes." After telling defendant they had information that defendant had twenty kilos of marijuana in the car, the officers searched the vehicle. Although Officer Grennan testified that defendant consented to the search, the trial court ruled that no free consent was given but that the officers had probable cause to search.

Inside the trunk of the car were 19½ bricks of marijuana, each brick representing a kilo, or 2.2 pounds of marijuana. The retail value of the marijuana found in the trunk was approximately $22,917. Officer Grennan, a narcotics expert, was of the opinion that, from the amount found and the way it was packaged, the marijuana was possessed for sale. After the officers discovered the marijuana defendant and the two men with him were placed under arrest.

Defendant does not question the legality of the search. The sole issue presented for our determination is the admissibility of evidence introduced by the prosecution of incriminating statements made by defendant after his arrest.

The record reveals that defendant was questioned by the officers at the scene of his arrest. However, there is nothing in the record to indicate that he made any incriminating statements in response to this questioning. Later the same day Officer Grennan questioned defendant and the two men arrested with him, individually, in an interview room at the police station. In regard to his questioning of defendant, the officer testified, "I asked Mr. Love [defendant] if he had any knowledge of how that marijuana had gotten in this car and he stated no." The officer's separate interviews with the other two suspects also resulted in denials of any knowledge of the marijuana. The three men were then brought into the interview room together. Officer Grennan testified on cross-examination as follows:

"I stated to all three of them that 'I have interviewed all three of you individually and all three of you deny any knowledge of how the marijuana could have gotten into the car.

"All three persons remained silent.

"I then said to them, 'This is the case, we have found evidence in the car, all three of you people were in the car at that time, you leave me no alternative but to submit this matter to the District Attorney for filing.'

"Q. Against all three of them, is that right?

"A. That is correct."

The officer further testified that, later the same day, he received a call that defendant wished to see him. He again interviewed defendant. This time, in response to the officer's questions, defendant acknowledged that the marijuana found in the vehicle belonged to him; he stated that he bought it early that morning from a fellow named Burr, for $1,200; at 6:30 a.m. he placed it in his vehicle. When asked if this was a previously arranged transaction, defendant replied affirmatively. The officer then asked defendant what he was going to do with it, and defendant replied that he was going to sell it. When asked "to whom?" defendant replied "to anyone who wants to buy it." Defendant further stated that the two men with him had no knowledge of the marijuana; that his statements were given freely and voluntarily.

The officer indicated that during this interview he told defendant the statements he made could be used against him. The officer's admonition however, apparently followed defendant's confession. After being so informed, defendant asked if the interview was being taped. When told that it was, he asked if he could deny it at a later date. The officer said that he could. Defendant then said "I have nothing to say." After this statement defendant said that he "just wanted to get the two boys with him out of trouble"; that neither one knew anything about it.

Defendant testified on the limited issues of whether there was consent to search his vehicle or probable cause for his arrest (questions not involved in this appeal). On cross-examination he was questioned regarding a conversation which he had with Officer Grennan. Defendant admitted only that he had talked with the officer and that he told the officer he had his permission to look in the trunk of the vehicle.

The trial (which took place on March 12, 1964) was before the decision in *Escobedo* v. *Illinois, supra,* 378 U.S. 478, decided on June 22, 1964. Therefore, ". . . the failure to object at the trial to the admission of the testimony [concerning defendant's statements] does not bar the claim that the statements were inadmissible under that decision. [Citation.]" (*People* v. *Cockrell,* 63 Cal.2d 659, 668 [47 Cal.Rptr. 788, 408 P.2d 116].)

As the court said in *People* v. *Chaney,* 63 Cal.2d 767 769 [48 Cal.Rptr. 188, 408 P.2d 964], ". . . absent extraordinary circumstances the introduction in evidence of a con-

fession by an accused requires reversal if that confession was obtained under circumstances where '(1) the investigation was no longer a general inquiry into an unsolved crime but had begun to focus on a particular suspect, (2) the suspect was in custody, (3) the authorities had carried on a process of interrogations that lent itself to eliciting incriminating statements, (4) the authorities had not effectively informed defendant of his right to counsel or of his absolute right to remain silent, and no evidence establishes that he had waived these rights.' [Citation.]''

█ Clearly, defendant's statements in the instant case—which constituted a confession—were admitted in violation of this rule. The record shows he was in custody. That suspicion was focused on him cannot be doubted—for he was the driver of the car in which the great quantity of marijuana was found and apparently the person referred to by the informant. His confession was part of a continuing process of interrogation which tended to elicit incriminating statements which process began with the questions asked by the interrogating officers during the interviews which preceded the confession. (*People* v. *Diaz,* 238 Cal.App.2d 636 [48 Cal.Rptr. 20].) Finally, there is no evidence defendant was forewarned of his rights to counsel and to remain silent, or to show that he otherwise waived these rights. █ The officer's statement to defendant that anything he said could be used against him, even if shown to have preceded the confession, does not constitute a warning to defendant that he had an absolute right to remain silent. (*People* v. *Ketchel,* 63 Cal.2d 859, 863 [48 Cal.Rptr. 614, 409 P.2d 694].) Furthermore, the record must show that both warnings were given. (*People* v. *Stockman,* 63 Cal.2d 494, 499-501 [47 Cal.Rptr. 365, 407 P.2d 277].)

The judgment of conviction is reversed.

Files, P. J., and Kingsley, J., concurred.